IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STEPHEN WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL FLETCHER, THOMAS WILSON, BALTISAR, SEGOVIA, DOE 1, DOE 2, DOE 3, and MICHELLE STEYH, sued in their individual capacities,<br><br>Defendants. | CV 18-00020-H-BMM-JTJ<br><br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Stephen Williams is proceeding in forma pauperis and without counsel.  On April 17, 2018, this Court issued a Scheduling Order requiring the parties to file an initial disclosure statement within 60 days and to exchange documents which may be used in proving or denying any party's claims or defenses.  (Doc. 10 at 1-3, ¶ I(A), (B).)  On July 13, 2018, Defendants filed a motion for summary judgment based upon Mr. Williams's alleged failure to exhaust his administrative remedies.  (Doc. 17.)

On July 18, 2018, this Court issued an Order requiring Mr. Williams to file his disclosure statement within 30 days.  Mr. Williams was specifically warned that a failure to file a disclosure statement would result in a recommendation that

1

this matter be dismissed for failure to comply with a court order.  (Doc. 21.)

Despite this warning, Mr. Williams has not complied with Paragraphs I(A) and

I(B) of the Court's April 17, 2018 Scheduling Order (Doc. 10) and he has not

responded to Defendants's motion for summary judgment within the time afforded

by Local Rule 7.1(d)(1).

Based upon Mr. Williams's failure to comply with the Court's April 17,

2018 Scheduling Order (Doc. 10) and the Court's July 18, 2018 Order (Doc. 21)

and Mr. Williams's failure to respond to Defendants' Motion for Summary

Judgment (Doc. 17), this matter should be dismissed pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure.

The Court has the inherent power to sua sponte dismiss a case for lack of

prosecution or failure to comply with a court order.  *Henderson v. Duncan*, 779

F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*,

963 F.2d 1258, 1260 (9th Cir. 1992).  Dismissal, however, is a harsh penalty and

should be imposed as a sanction only in extreme circumstances.  *Henderson*, 779

F.2d at 1423.

The following factors must be considered before dismissal is imposed as a

sanction for failure to prosecute or failure to comply with a court order:  (1) the

public's interest in expeditious resolution of litigation; (2) the court's need to

manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case is at a critical stage in that it is the beginning of the discovery process and Mr. Williams has failed to comply with Court imposed discovery obligations and failed to respond to a motion. This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . . ." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket. It cannot do so if Mr. Williams refuses to comply with Court imposed deadlines. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the

3

Defendants.  "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).  Mr. Williams's refusal to litigate this matter makes prejudice a foregone conclusion.  The longer this matter sits, the more prejudice to Defendants.

The Court has considered and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  Although less drastic alternatives to dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. *Id.*  Mr. Williams was made aware of his disclosure obligations in the Court's April 17, 2018 Scheduling Order.  (Doc. 10.)  The Court gave Mr. Williams additional time to comply with his disclosure obligations and warned him about the consequences of not complying in its Order dated July 18, 2018.  (Doc. 21.)  Mr. Williams did not respond.  The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez*

4

*v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  But in light of the other four factors favoring dismissal, the Court finds that this matter should be dismissed for failure to prosecute and failure to comply with the Court's orders.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The Clerk of Court should be directed to close this matter, enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, and terminate all pending motions.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Williams may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Williams is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of October, 2018.

*/s/ John Johnston*

John Johnston
United States Magistrate